ZIPPERT et al. v. ACME ADVERTISING, ENGRAVING & PRINTING CO.

(Supreme Court, Appellate Term. January 8, 1909.)

DAMAGES (§ 175*)—BREACH OF CONTRACT—RELEVANCY OF EVIDENCE.

In an action for breach of a contract for the printing of certain booklets by plaintiffs for defendant, evidence that the parties for whom defendant was having the work done did not accept the booklets, their grounds for refusing to accept, and the reasonable damages to which such parties were entitled by reason of the imperfect manner in which the printing was done was irrelevant where the contract between plaintiffs and defendant contained no reference to defendant's contract with the parties for whom he was having the work done.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 175.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Zippert and another, doing business under the firm name of Zippert & Drucker, against the Acme Advertising, Engraving & Printing Company. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Abraham Brill, for appellants.

Dennis & Buhler, for respondent.

GUY, J. Appeal from judgment rendered by court without a jury in favor of the defendant in an action brought for damages for breach of an express contract for the printing of fifty thousand booklets by plaintiffs for defendant, the paper and cuts to be supplied by defendant. Plaintiffs claimed $115, the contract price, and defendant interposed a counterclaim of $113.35 for damages caused by plaintiffs' failure to perform the work in accordance with contract. Plaintiffs called witnesses who testified to the printing and delivery of the booklets to defendant; that the work performed was a first-class job "in consideration of the price paid," and that defendant did not complain of the work until a long time after delivery, and after repeated de-

mands of payment had been made by plaintiffs. Defendant called a number of witnesses who testified that the work was improperly done, and specimens of the work done were introduced in evidence.

The main question in controversy was whether the work was done in substantial compliance with the contract. The defendant, when called as a witness, testified that he was manufacturing the books in question for the Whitely Exerciser Company, and that he delivered some of them to said company after receiving them from the plaintiff. He was then asked, "Q. Would they accept them?" This question was objected to by plaintiffs' counsel, objection overruled, exception taken, and the witness answered: "They would not." Again the defendant was asked: "Q. State upon what grounds the Whitely Exerciser people refused to take these books from you?" This question was objected to as incompetent and immaterial, the objection overruled, an exception taken, and the witness answered: "A. They refused upon the basis that it was a very poor job in printing, and not according to what we contracted to give them." Again, the defendant was asked: "Q. What was the fair and reasonable allowance to make the Whitely Exerciser Company by reason of the imperfect manner in which these booklets were printed?" This question was objected to as incompetent, irrelevant, and immaterial, and not binding upon the plaintiffs. The objection was overruled, an exception noted and the witness answered: "A. $117." The admission of this testimony constituted in each instance reversible error. The contract between plaintiffs and defendant contained no reference to defendant's contract with the Whitely Exerciser Company, and the requirements of the latter contract were not relevant to the issue involved in this action. The declarations and opinions of third parties as to the issues involved in this controversy were incompetent, not binding upon the plaintiffs, and prejudicial to the plaintiffs.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.

BISCHOFF, J., concurs.

GILDERSLEEVE, P. J., concurs in the result.